UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAKE JACOBS and NICOLE JACOBS,

    Plaintiff,

v.                                        Case No. 8:23-cv-2308-MSS-NHA

LAND HOME FINANCIAL SERVICES INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR ENTRY OF CLERK'S DEFAULT

Plaintiffs' motion for entry of clerk's default (Doc. 17) is denied without prejudice because Defendant was not properly served.

### Background

On October 10, 2023, Plaintiffs Jake and Nicole Jacobs filed this action against Defendant Land Home Financial Services Inc. d.b.a. Dovenmuhule Mortgage Inc., alleging violations of the Real Estate Settlement Procedures Act and Florida law relating to the servicing of their mortgage. Doc. 1. Plaintiffs amended their complaint on November 9, 2023, alleging that Defendant violated federal and state law because Defendant did not approve their 180-day mortgage forbearance plan under the Coronavirus Aid, Relief, and Economic Security Act. Doc. 8, pp. 2-4.

On December 13, 2023, the Court granted Plaintiffs' Motion to Proceed In Forma Pauperis, thereby directing the U.S. Marshalls to serve process on Defendants under FED. R. CIV. P. 4(c)(3) and 28 U.S.C. § 1915. The U.S. Marshalls sent a copy of the summons and complaint to Defendant via certified mail on January 19, 2024. Doc. 16. The docket entry associated with the service of process, (Doc. 16), states "Request for Waiver of Summons as Land Home Financial Services, mailed on 01/19/24."

Plaintiffs then filed a Motion for Clerk's Default on February 10, 2024 (Doc. 17) arguing that Defendant was required to respond to their complaint by February 9, 2024 and did not do so. Doc. 17. Defendant responded in opposition claiming that it received a request for a waiver, rather than service of process, and that it had until February 18, 2024, to return the wavier. Doc. 20, p. 2 (citing Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent….")). Defendants then executed the waiver on February 13, 2024, and filed notice with the Court. Doc. 19.

## Analysis

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

2

However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Federal Rule of Civil Procedure 4(h)(1) provides the methods by which a corporation may be served within the United States. First, a plaintiff may use any method of service in accordance with the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Florida law provides that a party may serve a corporation by "service on its registered agent designated by the corporation." Fla. Stat. Ann. § 48.081(2). The Florida Rules of Civil Procedure provide for service of process by certified mail only if the defendant agrees to waive personal service. Fla. R. Civ. P. 1.070(i); *Transport & General Ins. Co. v. Receiverships of Ins. Exch. Of the Americas, Inc.,* 576 So.2d 1351, 1352 (Fla. 1st DCA 1991) ("There is no statutory authority, or authority under Rule 1.070, Florida Rules of Civil Procedure, for serving. . . only by certified mail."). Second, a plaintiff may effect service "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized ... to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1) (emphasis added). The Eleventh Circuit has interpreted the term

3

"delivering" to refer to personal service unless the defendant agrees to waive service. *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009).

Pursuant to Federal Rule of Civil Procedure 4(d)(1), "a plaintiff may request that a defendant waive service of summons" by sending a request for waiver via mail. *Frone v. City of Riverdale*, 521 F. App'x 789, 792 (11th Cir. 2013). "A defendant may waive service of process by returning to the plaintiff a signed waiver of service form." *Golson v. Pineda*, 693 F. App'x 850, 850 (11th Cir. 2017) (citing Fed. R. Civ. P. 4(d)). The plaintiff must "give the defendant a reasonable time of at least 30 days after the request was sent. . . to return the waiver." Fed. R. Civ. P. 4(d)(1)(F). Under Rule 12, a party who timely has waived service must serve an answer within 60 days after the request for waiver was sent. Fed. R. Civ. P. 12(a)(1)(A)(ii); Fed. R. Civ. P. 4(d)(3).

Here, Plaintiffs have not demonstrated Defendant's default. The form on which Plaintiff's rely does not demonstrate service was effected on January 19, 2024. *See* Doc. 16. While the U.S. Marshals Service Process Receipt and Return Form includes a statement by Jeffrey Cobb that "I have personally served . . . the corporation," the remarks under the statement state "certified mail" (Doc. 16), which is not a valid means of service without a waiver. Moreover, the docket sheet entry accompanying the form (Doc. 16) describes the form as a "Request for Waiver of Summons."

4

On January 19, 2024, the U.S. Marshals Service requested that Defendant waive service of process. Doc. 16. Defendant had until February 19, 2024, to determine whether to waive service. Fed. R. Civ. P. 4(d)(1)(F). Defendant agreed to do so on February 13, 2024. Doc. 19-1. Thus, Defendant has until March 19, 2024 to file a response to the complaint. Fed. R. Civ. P. 4(d)(3). Defendant has not failed to timely plead or otherwise defend. *See* FED. R. CIV. P. 55(a).

Accordingly, Plaintiffs' motion for Clerk's default against Land Home Financial Services Inc. (Doc. 17) is **DENIED WITHOUT PREJUDICE** for failure to demonstrate effective service.

ORDERED on February 27, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge

5